NO. 12-01-00078-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




RANDY WILBURN YATES, JR.,
§
 APPEAL FROM THE 173RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HENDERSON COUNTY, TEXAS







PER CURIAM


 Randy Wilburn Yates, Jr. appeals his conviction for burglary of a habitation. He was found
guilty by a jury and sentenced by the trial court to twelve years of imprisonment. In one issue, he
attacks the admissibility of certain evidence. We affirm.

 In his sole issue, Appellant contends the trial court erred in allowing testimony of Appellant's
post-arrest silence in violation of his rights under article one, section ten of the Texas Constitution
and the Fifth Amendment to the federal constitution. He argues that, through this testimony, the
State attempted to raise the inference of guilt from his invocation of his constitutional right to remain
silent. Contending that this is fundamental error affecting a substantial right, he asserts an objection
to the testimony at trial was unnecessary.

 During the State's case-in-chief, the prosecutor questioned the arresting officer. Appellant
complains of the following:


 [Prosecutor]: Was there any other follow-up that you did on this case other than what you've
testified to here today?


 [Witness]: The only other follow-up was while I was - after I arrested the defendant and I
completed book-in and read him his rights, I asked him if he wanted to talk about
the burglary, and he said he did. So we went into Seven Points' patrol office to talk. 
But when we got in there, he said he didn't have anything to say; so we put him
back in the cell. And that was the last time I talked to him.


 When a defendant is arrested, he has the right to remain silent and the right not to have that
silence used against him. Smith v. State, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986). However,
error in allowing such testimony is not fundamental and is waived by the defendant's failure to
object. Id. As Appellant did not object to the officer's testimony, he cannot complain of it on
appeal. 

 Moreover, assuming the trial court erred in allowing the testimony, we hold any error to be
harmless. Because Appellant's complaint involves constitutional error that is subject to a harmless
error review, this court must reverse the judgment unless we determine beyond a reasonable doubt
that the error did not contribute to the conviction or punishment. Tex. R. App. P. 44.2(a); Dinkins
v. State, 894 S.W.2d 330, 356 (Tex. Crim. App.), cert. denied, 516 U.S. 832 (1995). Under both
federal and Texas case law, the existence and harmfulness of error related to post-arrest silence are
dependent upon the use of that silence against a defendant at trial. See Greer v. Miller, 483 U.S.
756, 764-65, 107 S.Ct. 3102, 3108, 97 L.Ed2d 618 (1987). 

 Here, considering the context, the complained-of testimony did not appear to be deliberately
elicited by the prosecutor. The officer explained that other officers made the initial call and she, as
the investigator, did "follow-up." In response to the prosecutor's general request to tell the jury what
she did during her follow-up investigation, she testified that she showed a photo line-up to the
victim, assembled an arrest warrant, arrested Appellant, and tried to locate another suspect. At that
point in her testimony the prosecutor asked her generally if she had done any other follow-up. The
prosecutor never attempted to use the statement referencing Appellant's post-arrest silence to
impeach Appellant, to discredit any defensive theory asserted by Appellant, or to affirmatively prove
guilt. The prosecutor did not repeat the testimony or comment on the testimony during closing
argument or otherwise emphasize the testimony. 

 In short, the reference to Appellant's silence was not used in any way to obtain his
conviction. The jury probably placed little or no weight on the complained-of testimony. Therefore,
it is not likely that the reference to Appellant's post-arrest silence contributed to the verdict. We
conclude that admission of the testimony was not reversible error. See Buitureida v. State, 684 



S.W.2d 133, 142 (Tex. App. - Corpus Christi 1984, pet. ref'd). We overrule Appellant's sole issue.

 We affirm the trial court's judgment. 


Opinion delivered February 20, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.




































(DO NOT PUBLISH)